Oklahoma City & Texas Railway Company v. R. M. Magee.

Decided June 26, 1909.

**Appeal—Judgment not Final—Jurisdiction.**

A plaintiff sued a railroad company in trespass to try title to a certain town lot, and for damages caused by the construction of defendant's road near to plaintiff's residence. The defendant pleaded a general denial, not guilty, and disclaimer as to the land sued for except a strip of the same, as to which it claimed a right to construct its road thereon. The jury returned the following verdict. "We, the jury, find for the plaintiff and assess the damages at $400." Upon this verdict a judgment was entered in plaintiff's favor, but no disposition was made in the judgment of the issue as to the title to the strip of land claimed by the defendant. Held, the judgment was not a final judgment and would not support an appeal.

Appeal from the District Court of Hardeman County. Tried below before Hon. S. P. Huff.

*Andrews, Ball & Streetman* and *Fires, Decker & Clarke,* for appellant.

*D. E. Magee* and *W. T. Perkins,* for appellee.

SPEER, Associate Justice.—This suit was brought as an ordinary action of trespass to try title by the appellee against appellant, to re-

cover a certain tract of land in the town of Quanah, known as lot No. 1 in block 109, and for damages for injury to his residence by reason of the construction of tracks, depot, cotton platform, etc., on said lot No. 1 and on certain other lands adjacent to said lot. The defendant pleaded the general denial, not guilty, and disclaimed as to the land sued for except a strip of land fifty-six feet wide which it declared to be a part of McClelland Avenue, upon which it pleaded a right to construct its improvements. There was a verdict and judgment for four hundred dollars in favor of plaintiff and the defendant has appealed.

We are not authorized to pass upon the questions presented by appellant's various assignments other than the one questioning the sufficiency of the judgment entered in the case. The jury impaneled to try the case returned the following verdict: "We, the jury, find for the plaintiff and assess the damages at four hundred dollars." Upon this verdict a judgment in the plaintiff's favor was entered, but in such judgment no disposition whatever was made of the issue as to the title to the fifty-six feet of land involved. This we hold is not a final judgment. Williams v. Bell, 116 S. W., 837, on rehearing. In Davies v. Thompson, 92 Texas, 391, the rule is announced in a quotation from Rackley v. Fowlkes, 89 Texas, 613, as follows: "The proposition seems to be sound in principle and well supported by authority that where the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one, but is silent as to the other, such judgment is *prima facie* an adjudication that he was not entitled to recover upon such other cause." This evidently is upon the theory that the judgment was meant to exclude a recovery except as to the items or amounts found. But in the present case the verdict and judgment could hardly be sustained except on the theory that appellee was entitled to recover the land sued for. Hence, the judgment can not be taken as a finding against him in this respect. To so interpret the judgment would be to destroy it.

There being no final judgment, then, the appeal is ordered to be dismissed.

*Appeal dismissed.*