## OKLAHOMA CITY & TEXAS RAILROAD COMPANY v. R. M. MAGEE.

Decided November 26, 1910.

### 1.—Verdict—Judgment—Jurisdiction.

Although facts may be well pleaded and indisputably proved, a trial court has no power to enter judgment thereon unless the issue presented and proved has been found by the verdict in favor of the party for whom judgment is rendered. An exception exists, perhaps, when a case is tried upon special issues.

**2 —Same—Trespass to Try Title.**

The action was one of trespass to try title and for damages; the defendant disclaimed as to all the land sued for except a certain part thereof, as to which it specially pleaded its title or right; under a general charge the jury returned the following verdict: "We the jury find for the plaintiff and assess the damages at four hundred dollars." Held, said verdict did not dispose of the issue of title to the portion of land in controversy, and, therefore, would not support a judgment therefor in favor of plaintiff.

**3.—Same—Instructed Verdict.**

When a jury fails to return a verdict in accordance with an instruction from the court, the court has no power to render judgment in accordance with the instruction instead of the verdict. The court may instruct a verdict but can not render one.

**4.—Appeal—Practice—Jurisdiction.**

When a judgment is final in form but is based upon an insufficient verdict an appellate court has jurisdiction of an appeal therefrom and may discuss the merits of the questions involved; it is otherwise when the judgment is not final.

Appeal from the District Court of Hardeman County. Tried below before Hon. S. P. Huff.

*Andrews, Ball & Streetman* and *Fires, Decker & Clark,* for appellant. —Where the issue of title to a part of the property involved was presented by the pleadings and evidence, it was the duty of the court to submit such issue to the jury, and the court having failed to do so, and the jury not having made any disposition thereof by their verdict, and there being nothing in the record authorizing the court to dispose of said issue, the court was without authority to enter a decree disposing of said issue.

*D. E. Magee* and *W. T. Perkins,* for appellee.—It is not necessary to submit to the jury an issue admitted by the pleadings; and, the court, in its judgment may assume the existence of facts admitted by the pleadings, and, for the further reason that if there was any issue made by the pleadings as to the *title* to said 56-foot strip of land, the court in his charge peremptorily instructed the jury that such *title* was vested in appellee; and the jury disposed of such issue by their general verdict in favor of the plaintiff. Dodge v. Richardson, 70 Texas, 209; Blakeley v. El Paso B. & L. Asso., 26 S. W., 292; Busk v. Manghum, 37 S. W., 459; Elwood v. Copeland, 129 S. W., 147.

SPEER, ASSOCIATE JUSTICE.—This is the third appeal of this case, and a reference to the opinion on the second appeal, reported in 56 Texas Civ. App., 552 (120 S. W., 1103), will suffice for a statement of the nature of the case. That opinion will also disclose that the appeal was then dismissed for want of a final judgment, the judgment failing to dispose of the issue of title to the strip of land fifty-six feet wide claimed by appellee, and asserted by appellant to constitute a part of McClelland Avenue. After a dismissal of that appeal, appellee, Magee, sought and obtained an amendment of the judgment so as finally to dispose of every issue.

We are now confronted with the contention of appellant that the verdict of the jury itself, upon which the judgment was entered, was not decisive of all the issues of fact in the case, and itself could not form the basis of the court's judgment. This contention must be sustained. It is elementary law under our system that the judgment must follow the verdict. As said by Mr. Justice Brown in Ablowich v Greenville Natl. Bank, 95 Texas, 429: "The trial court has no power to enter judgment upon facts well pleaded and indisputably proved, unless the issue presented and proved has been found by the verdict in favor of the party for whom judgment is rendered." There is, perhaps, an exception, made so by statute, in cases tried before juries on special issues, where issues not submitted or requested to be submitted are deemed to be found in such way as to support the judgment; but the present was not a submission upon special issues, but upon a general charge, and the verdict was: "We, the jury, find for the plaintiff and assess the damages at four hundred dollars."

The action was one of trespass to try title and for damages, in which the defendant disclaimed as to all the lands sued for except a strip fifty-six feet wide, alleged to be a part of McClelland Avenue, as to which it pleaded not guilty, and also specially pleaded its right to construct its railroad, switches, etc., thereon. Conceding that appellant's special plea as to its title would limit it in its recovery, it does not follow that appellee, as plaintiff below, was relieved of the burden of establishing his title to the land in controversy, for if he failed in this respect, the defendant would have judgment as of course. The question of title to the fifty-six feet was then an issue under the pleadings, and if it be conceded, as it may, that the court did not err in instructing the jury that plaintiff had title to the land, nevertheless, there was no finding by the jury in obedience to such instruction, without which the court is powerless to enter judgment. The court may instruct a verdict, but he can not return one.

We did not discuss this question on the last appeal, for we had no jurisdiction of the appeal. On the present appeal we have jurisdiction because the judgment in form is final but is based upon an insufficient verdict, for which error the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*