FIRST STATE BANK OF TEAGUE v.
HARRIS et al.

(Court of Civil Appeals of Texas. Dallas.
July 1, 1911.)

1. JUDGMENT (§ 194*) — DETERMINATION OF
ALL ISSUES.

In a suit to recover the possession of land
and for rent, in which plaintiff levied seques-
tration, and in which defendant reconvened for
damages for wrongful sequestration, and in
which there was an instruction that plaintiff
was not entitled to recover for the rent claim-
ed, where the jury found for defendants "$450
actual damages in this case," a judgment there-
on following the verdict and decreeing a recov-
ery of said damages, but not disposing of the
issue of possession or rent, is erroneous as not
disposing of all the issues; but judgment on a
general verdict would have been sufficient.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 354–356; Dec. Dig. § 194.*]

2. TRIAL (§ 39*)—RECEPTION OF EVIDENCE—
DOCUMENTARY EVIDENCE—FILING.

A deed which has been drawn up under the
common-law rule, though not filed before the
beginning of the trial as prescribed by statute
in such cases, is properly received in evidence.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 94; Dec. Dig. § 39.*]

Appeal from District Court, Freestone
County; H. B. Daviss, Judge.

Action by the First State Bank of Teague
against J. M. Harris and another. Judgment
for defendants for damages, and plaintiff ap-
peals. Reversed and remanded.

D. T. Garth, for appellant.

RAINEY, C. J. Appellant sued appellee to
recover the possession of certain premises,
for rent due thereon, and caused a writ of
sequestration to be issued and levied on
same. Defendant answered by general de-
murrer, general denial, and reconvened for
damages for the wrongful suing out of the
sequestration. A trial resulted in favor of
defendants for $450 damages, and appellant
prosecutes this appeal.

[1] Complaint is made that the verdict
and judgment do not dispose of all the issues
in controversy, and therefore a new trial
should have been granted. This complaint,
we think well founded.

The suit was for possession of certain
property and to recover certain rents due.
The verdict of the jury was, "We, the jury,
find for defendant J. M. Harris and wife,
$450.00, actual damages in this case," which
was signed by the foreman. The judgment
simply follows the verdict decreeing a recov-
ery for said damages, but in no way dispos-
es of the issue of possession or rents claimed
by plaintiff. It only disposes of the issue of
actual damages presented by defendants, and
makes no final disposition of the other two.
It is true the court instructed the jury that
plaintiff was not entitled to recover for the
rent claimed, but this cannot be considered
in connection with the verdict and judgment
to determine what was the finding of the
jury in this case. The court's instruction
was to govern the jury in their finding, and
the verdict alone is to be looked to to deter-
mine what they decided. If a general verdict
had been rendered it would have been suffi-
cient, but it does not do that, but only deals
with defendant's claim for damages. Rail-
way Co. v. Magee, 132 S. W. 901; Williams
& Co. v. Smith, 98 S. W. 916.

[2] There was no error in admitting the
deed from appellant to George D. Hunter;
the same having been proven up under the
common-law rule, there was no necessity for
it to be filed before the beginning of the trial
as prescribed by statute in such cases.

For the error pointed out, the judgment is
reversed and cause remanded.