PITT et al. v. GILBERT et ux.   (No. 5707.)

(Court of Civil Appeals of Texas. Austin. Dec. 14, 1916.)

1. APPEAL AND ERROR ⚖➡80(1)—FINAL JUDGMENT—DISPOSITION OF ISSUES—CANCELLATION OF DEEDS.

In a suit with counts in trespass to try title, and for the cancellation of plaintiff's deed to one of the defendants on the ground that it was induced by fraudulent representations, wherein plaintiff filed in court and tendered defendant a quitclaim deed conveying to defendants the land received in exchange for their lands, and in which plaintiff sought to recover damages for the deprivation of the use of his land and for the expense in moving to and from the land received in exchange, and for the actual loss of his time in so doing and for punitive damages, a judgment canceling the deed, but failing to dispose of the deed tendered by plaintiff, was not a failure to dispose of the issues in that respect, since the deed placed in the registry for defendants could have been had upon demand, so that the judgment was a final appealable judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 494–500, 503, 505–509; Dec. Dig. ⚖➡80(1).]

2. APPEAL AND ERROR ⚖➡934(2) — FINAL JUDGMENT — DISPOSITION OF ISSUES — PRESUMPTION.

In such suit the issues properly presented by the pleadings would be presumed to have been disposed of by the judgment, though silent thereon, unless it appeared otherwise from the face of the judgment itself.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3777; Dec. Dig. ⚖➡934(2).]

3. APPEAL AND ERROR ⚖➡1082(2)—JUDGMENT APPEALABLE — DISPOSITION OF ISSUES — WAIVER.

Where appellee did not complain of a judgment for him on account of its failure to dispose of damages properly presented by the pleadings either in the lower court or in the Court of Civil Appeals, he will be held to have acquiesced therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1133–1136, 4281–4284; Dec. Dig. ⚖➡1082(2).]

4. JUDGMENT ⚖➡590(2)—NEGATIVE JUDGMENT—RES ADJUDICATA.

Where the pleadings put in issue plaintiff's right to recover upon two causes of action, a judgment awarding a recovery on one, but silent as to the other, was prima facie an adjudication that he was not entitled to recover upon the other cause, and was res adjudicata as to such cause.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1064, 1103; Dec. Dig. ⚖➡590(2).]

5. EXCHANGE OF PROPERTY ⚖➡5—RESCISSION—DEMAND.

Where plaintiff as soon as he returned to the county of the venue, after having found that defendant had made fraudulent representations as to the lands conveyed to him in exchange, and within about a year after such exchange, filed a suit to cancel his deed and for damages, etc., no formal notice or demand for rescission was necessary.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 5, 6, 8–10; Dec. Dig. ⚖➡5.]

6. DAMAGES ⚖➡208(5)—QUESTION FOR JURY—EXPENSES.

In a suit for the cancellation of a deed on the ground of fraudulent representations, etc., the court did not err in submitting the issue of plaintiff's reasonable and necessary expense in going to and returning from the land received in exchange, where there was evidence authorizing the submission of such issue.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 533, 534; Dec. Dig. ⚖➡208(5).]

7. EXCHANGE OF PROPERTY ⚖➡5—RESCISSION—STATU QUO.

In a suit to cancel a deed of land given in exchange for land, plaintiff, who had nothing to do with the trade between another party and defendant, and who had never been in possession of a note given by such party to defendant, would not be denied a rescission on the ground that he did not offer to return such note to defendant.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 5, 6, 8–10; Dec. Dig. ⚖➡5.]

8. JUDGMENT ⚖➡253(1) — PLEADING — CONFORMITY TO PLEADING.

In a suit for the cancellation of a deed, where the pleading only authorized a recovery of rent for the year 1914 at $150 and an item of $80 damages for expense, it was error to render judgment against defendant for $380, $300 of which was rent for two years.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444; Dec. Dig. ⚖➡253(1).]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Suit by L. G. Gilbert and wife against Maggie E. Pitt, Frank Pitt, and J. W. Cartwright, with counts in trespass to try title, and for the cancellation of a deed, etc. Decree canceling the deed, with a money judgment against defendant. Frank Pitt and defendants appeal. Reformed and affirmed.

Carl Monk, of McAlester, Okl., and Bryan, Stone & Wade and W. C. Blalock, all of Ft. Worth, for appellants. Jack & Jack, of Corsicana, and Henderson, Kidd & Gillis, of Cameron, for appellees.

## Statement of the Case.

RICE, J. We adopt appellants' statement of the case, the same having been concurred in by appellees, as follows:

"This suit was instituted by the appellees, L. G. Gilbert and wife, Ida Gilbert, in the district court of Milam county, Tex., against Maggie E. Pitt, Frank Pitt, and J. W. Cartwright, on the 24th day of September, 1914. The first count in plaintiffs' petition is a suit in trespass to try title, involving 143⅓ acres of land situated in Milam county, Tex., the plaintiffs alleging that they were the owners of said land on October 15, 1913, and that on said day the defendants and each of them unlawfully ejected plaintiffs therefrom and continued to withhold possession thereof. In their second count plaintiffs allege that on or about the 17th of September, 1913, they were the owners of said tract of land; that on said date plaintiffs were induced to execute and deliver a deed conveying said land to the appellant Maggie E. Pitt; that plaintiffs were induced to so act by the false and fraudulent representations of Frank Pitt that certain land which plaintiffs were to receive in the state of Oklahoma was very valuable, and that, on the contrary, said land was in truth and in fact of very little value. Plaintiffs further allege that they would not have executed the deed to the Milam county land had it not been for the alleged false representations of the appellant Frank Pitt; that they relied upon his representations; and that they were thereby defrauded out of their Milam county land. Plaintiffs sue to cancel the deed, and file among the papers a quitclaim deed conveying to appellants Maggie E. Pitt and Frank Pitt title to 160 acres of land in Atoka county, Okl., which plaintiffs allege that they had received in exchange for their Milam county land. Plaintiffs further allege that J. W. Cartwright is in possession of said Milam county land, and that he, together with the appellants, have deprived the plaintiffs of the use of said land to the plaintiffs' damage in the sum of $150. Plaintiffs also sue these appellants for $100 for the expense in moving to and from the land in Oklahoma and for $500 as the actual loss of their time in moving to and from said Oklahoma land, and also sue for $1,000 as exemplary or punitive damages.

"The appellant Maggie E. Pitt in her first amended original answer alleges that on or about the 17th of September, 1913, she was the owner of one certain note in the sum of. and of the value of $972.48, executed by one G. E. Jackson, payable to the order of Maggie E. Pitt, and was also the owner of 158 acres of land situated in Beckham county, Okl.; that on or about said date the said Maggie E. Pitt conveyed to the said Jackson said Beckham county land and canceled said $972.48 note in consideration of the conveyance of the Atoka county land to the appellees Gilbert, and that she received as consideration for the cancellation of her note and for the conveyance of the Beckham county land the 143 acres of Milam county land involved in this suit. She also denied that she was guilty of any fraud, and denied that any one had any authority to make any representations for her, and denied that she had ever ratified or confirmed any fraudulent transactions of any of the parties to this suit. She also denied that any fraudulent representations were made, and says that if they were made that plaintiffs have waived their right to rescission by the long delay in seeking restitution and in not having ever made any claim against appellants for the land in controversy. She also alleges that she never at any time until the filing of the suit received any notice of the desire on the part of the appellees Gilbert to rescind. She further pleads that, since it is impossible to place her in statu quo, the appellees Gilbert take nothing by their suit against her.

"The appellant Frank Pitt filed a disclaimer in so far as the land in controversy is concerned, and pleaded a general denial to the allegations of plaintiffs' petition. J. W. Cartwright also filed a disclaimer.

"Plaintiffs in their supplemental petition specially deny the allegations of Maggie E. Pitt that the property was her separate property and attack the entire transaction as being fraudulent.

"Trial was had before a jury on the 18th day of October, 1915, and the case was submitted on special issues. Upon the issues as determined by the jury, the court entered a decree cancelling the deed from L. G. Gilbert and wife to Maggie E. Pitt and decreeing that the said Gilberts recover of the defendants the 143 acres of land in Milam county, Tex. A judgment was also entered against the defendant Frank Pitt for the sum of $380."

From this judgment the appellants have prosecuted this appeal.

## Opinion.

[1] By their first assignment it is urged on the part of appellants that the judgment is not final, in that it does not dispose of the deed which was filed in court and tendered by Gilbert and wife to appellants, and further because it does not dispose of plaintiffs' suit against Maggie E. Pitt for $150 rent, $100 expenses, $500 loss of time, and $1,000 exemplary damages, for which reason, it is urged, this court is without jurisdiction. Appellees sued Cartwright and Pitt for $150 for the rental value of the Milam county land. He also sought to recover from Pitt and wife damages of $100 as expenses of moving to Oklahoma and back, $500 for loss of time in going and returning, and $1,000 as punitive damages. The judgment of the trial court canceled the deed of Gilbert and wife to appellants, but did not mention or dispose of their (appellees') deed to Maggie E. Pitt for the Atoka county land, and, while it gave judgment against Frank Pitt for $380, made no mention of any moneyed judgment against Maggie E. Pitt or J. W. Cartwright, for which reason, it is contended, all the issues raised by the pleadings were not disposed of, and the judgment is therefore not final, citing in support of their contention Hamilton v. Joachim, 160 S. W. 645; Bushong v. Alderson, 143 S. W. 200; Oklahoma City & Texas Ry. Co. v. Magee, 56 Tex. Civ. App. 552, 120 S. W. 1103. We do not think there is any merit in the contention that the judgment of the court failed to dispose of the deed from appellees to Mrs. Pitt, reconveying to her the Atoka county land, for the reason that the same is shown by the pleadings and evidence to have been placed in the registry of the court for them, and could have been had upon demand, without order of the court therefor, the judgment being silent with reference thereto.

[2] The earlier authorities in this state appear to sustain appellants' second contention, but appellees insist that these have either been overruled or modified by subsequent decisions, citing to sustain their contention Hermann v. Allen, 103 Tex. 382, 128 S. W. 115, Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, Swan et al. v. Price, 162 S. W. 994, and Stockwell v. Melbern, 168 S. W. 405, in which the doctrine is announced that all the issues properly presented by the pleadings will be presumed to have been disposed of by the judgment, unless it appears otherwise from the face of the judgment itself. The judgment in the instant case is silent as to the items of damages presented by the pleadings against Cartwright or Mrs. Maggie Pitt, and therefore it comes clearly within the rule announced in the above decisions.

[3] Appellees, however, did not complain of the judgment on account of this failure to dispose of the items of damages raised by the pleadings either in the lower court or in this court, and therefore must be held to have acquiesced therein.

[4] At any rate, we think they are concluded by said judgment, and the same became res adjudicata as to such items of damage. If so, it is, in effect, a final judgment from which an appeal could be prosecuted to this court. In Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77, the court says:

"The proposition seems to be sound in principle and well supported by authority that, where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one, but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause."

And this principle seems to be applicable here.

In view of these later decisions we are constrained to hold that the judgment appealed from is final, and overrule appellants' contention.

[5] The court properly declined to give a peremptory charge in behalf of appellants, based on their contention that no notice of dissatisfaction or formal demand for rescission was made prior to the filing of the suit by appellees. Under the circumstances disclosed by the record, no such notice or demand was necessary. As soon as appellees returned to Milam county, which was within about a year after the exchange of lands, this suit was filed and the deed of reconveyance was tendered by them. Besides this, appellants were nonresidents, and it appears from the evidence that notice and demand for rescission was made upon their agent, King, in charge of the land, which was communicated to appellants before the filing of the suit, for which reason we overrule appellants' second assignment.

[6] The court did not err in submitting to the jury the issue of the reasonable and necessary expense of the Gilberts in going to and returning from Oklahoma, since there was evidence in the record which authorized the submission of this issue.

[7] It appears from the evidence that Maggie Pitt, about the 17th of September, 1913, held a note for $972.48 against G. E. Jackson, and was also the owner of 158 acres of land in Beckham county, Okl; that on said date she conveyed to said Jackson said Beckham county land, canceling and delivering to him said note; that in consideration therefor she procured Jackson to convey to appellees the Atoka county land, upon consideration that appellees would convey to her, Mrs. Pitt, the Milam county land, which they did, and it is now urged on the part of appellants that appellees are not entitled to rescission of the contract, because they have not been placed in statu quo, in that appellees did not return or offer to return to them the Jackson note. Appellees had nothing to do with the trade between Jackson and the appellants. They had never been in possession of the $972 note, and it was therefore impossible for them to return it to appellants; and, as between the parties to this suit, the situation was the same as if the appellants had deeded the Atoka county land direct to appellees. We therefore overrule all of the assignments complaining of this matter.

[8] We sustain the 6th assignment complaining that the court erred in rendering judgment against F. E. Pitt for the sum of $380, of which $300 was for rent for two years. The pleading only authorized a recovery for rent for the year 1914 at $150 and the item of $80 damages for money expended in going to and returning from Oklahoma. Appellees, however, have offered to remit $150. We therefore reform the judgment in this respect so as to entitle them to recover the sum of $230 for rents and damages, and as thus reformed the same will be affirmed, the costs of this appeal being taxed against appellees.

Reformed and affirmed.