## TAYLOR v. JONES.
### No. 3864.

Court of Civil Appeals of Texas. El Paso.

Dec. 14, 1939.

Rehearing Denied Jan. 4, 1940.

Scott, Hall & Lindsay, of Marshall, for appellant.

Huffman & Huffman, of Marshall, for appellee.

WALTHALL, Justice.

This suit is brought to partition real estate. Appellee, Harrison Jones, is the adopted son of Leroy Taylor, deceased. Appellee filed this suit in the District Court of Harrison County, Texas, against appellant, Mariah Taylor, the surviving wife of Leroy Taylor, deceased, for the partition of a 150-acre tract of land located in Harrison County and fully described in the petition.

Appellee alleged that the 150-acre tract of land was the community property of Leroy Taylor, deceased, and appellant Mariah Taylor, and that appellee, as the adopted child and sole heir of Leroy Taylor, deceased, was the owner of an undivided one-half of the land, and that

Mariah Taylor as such surviving wife was the owner of the remaining one half of said land.

Appellant answered by general denial and by special answer to the effect that she was the sole owner of the equitable title to the whole of said 150-acre tract of land for the reason that said land was purchased and paid for with her separate funds, and that Leroy Taylor was simply a naked trustee in whose name said property was held for the benefit of her separate estate.

The record shows that appellant was married to Leroy Taylor, also known as Lee Taylor, on August 27, 1889, and lived together as husband and wife until the death of Leroy Taylor on March 4, 1920. No child was born to this marriage, and Leroy Taylor left appellee, his adopted son, as his sole and only heir.

On January 10, 1905, J. D. Hammond and wife, M. E. Hammond, for the expressed cash consideration of $600, conveyed by deed to Lee Taylor, he being the same person as Leroy Taylor, the said 150-acre tract of land.

Appellee relied upon the presumption that the land was community property from the fact that it was acquired during the marriage relation of Leroy and Mariah Taylor.

Appellant contended, in the trial court and contends here, that the purchase price of said land was paid with her separate funds which she had before she married Leroy Taylor.

The case was submitted to the jury on one special issue, to-wit: "Do you find from a preponderance of the evidence that the consideration recited in the deed from J. D. Hammond and wife, M. E. Hammond, to Lee Taylor to the land in controversy was paid out of money then on hand belonging to Mariah Taylor prior to her marriage to Leroy Taylor?" The jury answered "Yes."

Appellee filed a motion for judgment non obstante veredicto. Appellant filed a motion for judgment in accordance with the verdict of the jury.

The court granted appellee's motion and rendered judgment for appellee.

■ Appellant submits that, she having paid the entire purchase price for the land out of money belonging to her separate estate, and the jury having so found, and the issue being a material issue, the court was without power to disregard the jury's finding and render judgment contrary thereto.

■ The evidence, in our opinion, fully sustains the jury's finding. The issue submitted to and found by the jury was the only material issue of fact in the case. In our opinion the court was without authority to render judgment other than that based upon the verdict.

Appellee submitted and requested the giving of several special charges to the jury, among them a charge to the effect that the undisputed evidence shows that plaintiff is the only heir of Lee Taylor, deceased, and as such is entitled to one-half of the land involved in the suit, there being no competent or admissible evidence that said land was not community property of Lee Taylor and defendant. Other requested charges were to strike out the various statements of defendant that the money paid for the land was money she owned and had before her marriage to Lee Taylor. The court refused to submit any of such special charges.

After the jury had returned its verdict the court sustained appellee's motion for judgment non obstante veredicto, evidently on appellee's contention that the admission in evidence of appellant's testimony was error under Article 3716 of the Revised Civil Statutes.

■ As said by the Supreme Court in International Travelers' Ass'n v. Bettis, 120 Tex. 67, 35 S.W.2d 1040, it is the policy of our Supreme Court to strictly construe the language contained in Article 3716, and the court is not inclined to extend its construction beyond the plain language and meaning contained therein.

■ In Wideman v. Coleman et al., 17 S.W.2d 786, 788, the Commission of Appeals, in interpreting Article 3716, said: "This statute does not disqualify a witness from testifying to facts such witness may know of her own knowledge." The appellant, we think, could testify to the fact that she owned and had the $600 before her marriage with Lee Taylor, and that she paid that money as the consideration for the land. Such statements of the witness and similar ones are matters within her own knowledge, were not gained from impressions or information from the conduct, condition or language of her husband, and does not involve a transaction with her deceased husband within the inhibition of the statute.

We have concluded that the court was in error, both in sustaining appellee's motion for judgment and in overruling the motion of appellant for judgment based on the verdict of the jury.

The case is reversed and judgment is here rendered for appellant for the land in controversy in the suit.

PRICE, Chief Justice (concurring).

While I agree with the disposition of the case as shown by the opinion of Justice WALTHALL, I am not in entire agreement with the reasons stated therefor. In my opinion the testimony of Mariah Taylor was sufficient to raise an issue for the jury.

The judgment appealed from was rendered on a motion non obstante veredicto. Authority to entertain such a motion is derived from Article 2211, R.S.1925 as amended by Acts 42nd Legislature, 1931, Vernon's Ann.Civ.St. art. 2211. Before the amendment to the statute a court was without authority to enter judgment non obstante veredicto. Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S.W. 607; Oklahoma City & T. R. Co. v. Magee, 63 Tex. Civ.App. 124, 132 S.W. 901; Massie v. Hutcheson, Tex.Com.App., 270 S.W. 544.

The exercise of this power by the courts is conditioned upon the propriety of a directed verdict in the case. In this case appellee moved for a directed verdict, which the court refused. Before the submission of the case appellee by special charge sought to have the jury instructed to disregard the testimony of appellant in substance and effect that she had paid for the land in controversy with her separate funds. These special charges were refused by the court.

Appellee, throughout the examination of appellant, by objection, sought to have the testimony of appellant excluded. The objections were overruled by the court. In any event, this testimony was in the record. Without this testimony in the record there could be little question but what it would have been the duty of the trial court to have instructed a verdict in favor of plaintiff.

It cannot be said that her testimony lacked relevancy or probative force. The testimony was relevant and had probative value. Walker et al. v. Fields et al., Tex. Com.App., 247 S.W. 272, 273, loc. cit. 275; Hunt v. Garrett, Tex.Civ.App., 275 S.W.

96, reversed on other grounds, Tex.Com. App., 283 S.W. 489; Hein v. DeBusk, Tex. Com.App., 277 S.W. 1053; Roberts v. Carlisle, Tex.Civ.App., 4 S.W.2d 144.

If objection had been sustained to this testimony in limine appellant would have had an opportunity to have produced other evidence if same was available to her. Even if the court at the time the motion to instruct was made had sustained the motion to strike this testimony, it is probable that appellant would have been afforded a reasonable opportunity to produce other testimony if same was available.

In other words, in ruling upon the motion for judgment the court was without power to strike this evidence from the record. If the court deemed the former ruling on the admissibility of the testimony incorrect, on motion for new trial such error could have been remedied.

On the motion for judgment the court could either grant or refuse same. The granting of the same did not amount to setting aside the verdict—it was ignoring same because without support in the evidence. If the motion was not sustained, the court might either render judgment in accordance with same, which in this case would have been for the defendant, or set same aside. In my opinion the court was in the same position as though the evidence of appellant Mariah Taylor had been admitted without objection. It was in the record, the jury had been discharged, and it could not then be stricken out. Reed v. Robertson, 106 Tex. 56, 156 S.W. 196.

While the testimony of Mariah Taylor might have been more clear and explicit, she did say that she paid out of her separate funds the $600 cash consideration expressed in the deed from Hammond and wife to her husband. Had she explained just to whom this money was paid, where, and who was present, it might have strengthened the testimony. This does not appear in the statement of facts. Counsel for the appellee had an opportunity to cross-examine her on these points. It may be they refrained from doing so for fear of waiving their objection to her competency under Article 3716, R.S. Giving her testimony the favorable construction which we are bound under the law on a motion to instruct or for judgment non obstante veredicto, in my opinion the question was for the jury. A verdict having been rendered supported by evidence in the record, the

trial court should have rendered judgment thereon in favor of the defendant. It is our duty to render the judgment the trial court should have rendered.

Justice Higgins concurs in the foregoing.