Raymond **WHITIS** et al., Appellants,

v.

Mary P. **WHITIS**, Appellee.

No. 5723.

Court of Civil Appeals of Texas, Waco.

March 24, 1977.

---

1. *Pentikis v. Texas Electric Service Company*, 470 S.W.2d 387 (Tex.Civ.App. 1971, writ ref. n. r. e.), and cases cited therein.

David M. Stagner, Nance, Caston, Duncan, Green, Stagner, Fry & Pelley, Denison, Dean Martin, Sherman, for appellants.

Pat Reed, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellants from declaratory judgment that certain real estate (a house and lot in Sherman, Grayson County) is the sole and separate property of appellee.

Appellee Mary P. Whitis, surviving wife of William J. Whitis, deceased, sought declaratory judgment that a house and lot in Sherman was her sole and separate property, and that appellants, children of her deceased husband by prior marriage, had no interest in such property.

Trial before the court resulted in judgment decreeing appellee sole and separate owner of the property.

It is undisputed and stipulated that:

Plaintiff and William J. Whitis married January 25, 1966; that on May 22, 1969 plaintiff and William J. Whitis purchased the property here involved; that William J. Whitis died intestate November 8, 1969, and that plaintiff and William J. Whitis paid $16,000. for the property.

The trial court in Finding 7 found the $16,000. was paid $8,000. by plaintiff from her separate funds; and $8,000. by William J. Whitis from his separate funds; and in Finding 8 found that no community funds of plaintiff and William J. Whitis were used in the purchase of the property.

The trial court filed Conclusions of Law:

1) The property was purchased by plaintiff and William J. Whitis as "joint tenants with right of survivorship", and

2) Upon death of William J. Whitis, full title and ownership of the property became absolute in plaintiff.

Appellants appeal on 11 points contending:

1) The trial court erred in allowing plaintiff to testify William J. Whitis used $8,000. of his separate money to purchase property here involved, because such testimony was in violation of Article 3716.

2) There is no evidence to support Finding 7 that $8,000. of plaintiff's separate funds and $8,000. of William J. Whitis' separate funds were used to purchase the property here involved; and/or such finding is against the great weight and preponderance of the evidence.

3) There is no evidence to support Finding 8 that no community funds of William J. Whitis and plaintiff were used to purchase the property here involved; and/or such finding is against the great weight and preponderance of the evidence.

4) Conclusion of Law 1 that title to the property was purchased by plaintiff and William J. Whitis as "joint tenants with right of survivorship" is error because the property was community, and it is violative of the Texas Constitution to hold community property as "joint tenants with right of survivorship" between husband and wife.

5) Conclusion of Law 2 that on the death of William J. Whitis full title and ownership of the property became absolute in plaintiff, is error, because the property was community and it is violative of the Texas Constitution to hold community property as "joint tenants with right of survivorship" between husband and wife.

There is in evidence a Warranty Deed to the property here involved whereby Jimmy N. Merchant and wife sold and conveyed such property to "William J. Whitis and wife Mary P. Whitis * * * as joint tenants, with rights of survivorship". Such deed is dated and acknowledged on May 22, 1969.

Plaintiff testified without objection that the property cost $16,000.; that she used $8,000. of her separate funds to purchase a one-half interest in the property here involved. She was then permitted to testify, over objection that the testimony was violative of Article 3716 (The Dead Man's Statute), that her deceased husband William J. Whitis used $8,000. of his money received from the sale of his separate property house to purchase the property here involved; that her deceased husband sold mortgages owned by him to purchase a house on Travis Street; and that he used the proceeds of the sale of the house on Travis Street to pay the $8,000. on the house here involved.

Article 3716 prohibits parties testifying to transactions with, or statements by, a deceased person in actions by or against executors, administrators, heirs, guardians and legal representatives, in which actions judgment may be rendered for or against them as such, unless called to testify by the opposite party. It is the policy of the Supreme Court to strictly construe the language of such article and thus not extend its coverage by construction. *Ragsdale v. Ragsdale,* 142 Tex. 476, 179 S.W.2d 291.

Article 3716 does not disqualify a witness from testifying to facts that such witness may know of her own knowledge. *Taylor v. Jones,* CCA, Dism'd. Jdmt. Cor., 135 S.W.2d 767; *Wideman v. Coleman,* Com.Appls., 17 S.W.2d 786; *Chajkowski v. Clements,* CCA, Er. Dism'd., 229 S.W.2d 633.

Plaintiff testified to matters she knew of her own knowledge and we think such testimony admissible and overrule Contention 1.

Plaintiff's testimony being admissible, there is ample evidence to sustain the trial court's Findings 7 and 8, and such findings are not against the great weight and preponderance of the evidence.

Findings 7 and 8 being sustained, Conclusions 1 and 2 are correct.

All appellant's points and contentions are overruled.

AFFIRMED.