**Victoria V. BARRY, Appellant,**

v.

**Julius O. ADAMS et al., Appellees.**

**No. 5698.**

Court of Civil Appeals of Texas, Waco.

May 19, 1977.

Rehearing Denied June 16, 1977.

Danny C. Wash, David L. Hodges, Wash & Hodges, Waco, for appellant.

Louis S. Muldrow, Naman, Howell, Smith, Lee & Muldrow, Waco, for appellees.

## OPINION

JAMES, Justice.

This is an appeal from an instructed verdict. The trial court excluded some evidence critical to Plaintiff-Appellant's case on the ground that it violated Article 3716, Vernon's Texas Civil Statutes, commonly called the Dead Man Statute. We hold that the exclusion of the proffered evidence was error, thereby causing the instructed verdict to be erroneous, and reverse and remand the cause for retrial.

Plaintiff-Appellant Victoria V. Barry brought this suit against Defendant-Appellees Julius O. Adams individually and Honorable Robert F. Salter as Independent Executor of the Estate of George H. Adams, Deceased, to probate an alleged lost will of the said George H. Adams, dated January 29, 1972, and to set aside the probate of a will of the said deceased executed on July 31, 1968. Defendant Julius O. Adams is a

brother to deceased and beneficiary under the 1968 will, and the said Robert F. Salter is the independent executor of the estate of the deceased under the 1968 will.

This suit was brought initially in the County Court but was transferred to the District Court prior to trial.

Plaintiff Barry alleged that the said George H. Adams died on September 3, 1973, leaving a validly executed will naming Plaintiff as sole beneficiary therein, said will being dated January 29, 1972, which is asserted to be the last will of the deceased. The 1972 will was alleged to be lost and was therefore not produced in court. The 1968 will of George H. Adams had previously been probated prior to the institution of Plaintiff Barry's suit.

Defendants Julius O. Adams and Executor Salter filed a contest to Mrs. Barry's application to probate the 1972 will, denying that any will was executed by the deceased subsequent to the 1968 will.

During the trial, Plaintiff Barry offered her own testimony to the effect that on January 29, 1972, she and the deceased were in the law office of Honorable Robert F. Salter, that on such occasion she saw the will of George H. Adams bearing date of January 29, 1972, that said will was executed by George H. Adams and witnessed by Edwin Powell and Mrs. Ruth Penny, and that under the terms of this will the said George H. Adams left all of his property to Plaintiff.

Upon timely objection having been made to the admissibility of such evidence, the trial court excluded same but permitted Plaintiff to present this evidence in a bill of exception. Mrs. Barry testified that on this occasion she and the deceased George H. Adams were with Attorney Salter in Salter's office, and that together with Mr. Edwin Powell (an attorney who practiced with Mr. Salter) and Mrs. Ruth Penny (Mr. Salter's secretary) they were all five present.

The trial court excluded the above evidence on the ground that it violated Article 3716, the Dead Man Statute. After both sides had rested, Defendants moved for an instructed verdict on the ground that there was no evidence that the deceased executed a will on or about January 29, 1972.

The trial court granted the Defendant's motion, withdrew the case from the jury, and entered judgment affirming the probate of the 1968 will, denying the probate of the alleged lost will, and decreeing that Plaintiff Barry take nothing.

Plaintiff Barry appeals contending the trial court erred in excluding the above-stated testimony offered by her and in granting the Defendant's motion for instructed verdict. She asserts that if her said testimony had been admitted into evidence, that there would have been sufficient evidence to raise fact questions concerning the existence of, execution of, and provisions of the lost will in question. We sustain these contentions and thereby reverse and remand the cause for retrial.

Article 3716 prohibits parties from testifying to transactions with, or statements by, a deceased person in actions by or against executors, administrators, heirs, guardians and legal representatives, in which actions judgment may be rendered for or against them as such, unless called to testify by the opposite party. It is the policy of our Supreme Court to strictly construe the language of such article and thus not extend its coverage by construction. *Ragsdale v. Ragsdale* (1944) 142 Tex. 476, 179 S.W.2d 291; *Hutto v. Cook* (1942) 139 Tex. 571, 164 S.W.2d 513.

Article 3716 does not disqualify a witness from testifying to facts that such witness may know of her own knowledge. *Taylor v. Jones* (Tex.Civ.App. El Paso CA 1939) 135 S.W.2d 767, writ dismissed, judgment correct; *Wideman v. Coleman* (Com.App.1929) 17 S.W.2d 786, opinion approved; *Chajkowski v. Clements* (Tex.Civ.App. Galveston CA 1950) 229 S.W.2d 633, writ dismissed; *Whitis v. Whitis* (Tex.Civ.App. Waco CA 1977) opinion dated March 24, 1977, 549 S.W.2d 54, no writ.

In the case at bar, Mrs. Barry's testimony in question was based on her own knowl-

edge, received from her reading of the will of George H. Adams, and was not based on any statement made by the deceased or any transaction with the deceased. From her reading of the will in question, she saw that it bore the date of January 29, 1972, that it was executed by the deceased, that it was witnessed by Edwin Powell and Ruth Penny, and that she was the sole beneficiary named therein. From her examination of this instrument she was able to know these things.

Stated differently, we do not believe the offered testimony in question is based upon a transaction with the deceased, even though the deceased was present when Mrs. Barry obtained the knowledge to which she testified. See *Martin v. McAdams* (1894) 87 Tex. 225, 27 S.W. 255. It has been held that evidence as to the contents of a lost will executed by the deceased, and that it was the deceased's handwriting, observed and learned by interested witnesses after the death of the deceased, was admissible, on the theory that it was not based on a transaction with the deceased. *Roberts v. Roberts* (Tex.1966) 407 S.W.2d 772, expressly approving the above holdings by the Waco Court of Tex. Civil Appeals in 405 S.W.2d 211.

In the instant case, the deceased was present on the occasion wherein Mrs. Barry gained the knowledge to which she testified; however, we are of the opinion that Mrs. Barry was testifying as to the above-stated matters of her own knowledge which were not based on any transaction with the deceased, and we so hold. We wish to emphasize that should Mrs. Barry's testimony be broadened beyond the facts as above-stated, that it would probably violate Article 3716.

Since we are of the opinion that the evidence in question was admissible, then it follows that material fact issues were presented which should have been submitted to the jury, and the instructed verdict was erroneous. We therefore reverse and remand the cause for retrial.

REVERSED AND REMANDED.