## NEWSOM v. FIKES.
### No. 13913.

Court of Civil Appeals of Texas. Fort Worth.

July 11, 1941.

Rehearing Denied Sept. 12, 1941.

Frank C. Bolton, of Henderson, and Austin F. Anderson, of Fort Worth, for appellant.

McGown, McGown, Godfrey & Logan, B. E. Godfrey, and John M. Scott, Jr., all of Fort Worth, and W. C. Hancock and Edwin M. Fulton, both of Gilmer, for appellee.

McDONALD, Chief Justice.

This is one of the three suits, instituted by some of the heirs of Mattie Moseley, mentioned in our opinion of this date in cause No. 14073, Nealie Smith et vir v. Leland Fikes, 153 S.W.2d 977. Appellant, Mozelle Newsom, is the sole heir of Young Moseley. This suit involves the identical written instruments which were involved in the William Moseley case. See Moseley v. Fikes, opinion by this court, 126 S.W.2d 589, and Fikes v. Moseley, opinion by Judge German, adopted by the Supreme Court, 151 S.W.2d 202, for a full statement of the facts surrounding the transaction, and for the text of the instruments involved.

Many of the questions raised in the present case are concluded by the opinion of the Supreme Court in the William Moseley case, supra. It is our view that appellant's propositions 1 to 17, inclusive, 30 to 36, inclusive, 38 and 39, are either concluded or rendered immaterial by the Supreme Court holding just mentioned; and we likewise consider that appellee's counter-propositions 6 to 16, inclusive, and 18 to 30, inclusive, raise questions which are either settled or rendered immaterial by the holding in the William Moseley case.

In the present case, the trial court instructed a verdict for the defendant, from which plaintiff appealed.

Defendant contends that the action of the trial court is sustainable, if for no other reason, upon the ground that the letter from Fikes to William and Young Moseley was not actually introduced in evidence in the present case. Both parties pleaded the existence and effect of the letter. Defendant's counsel made objections and other remarks during the course of the trial, as reflected by the statement of facts, which to our minds indicate that the letter was being treated as in evidence, and the letter appears in the statement of facts as an exhibit, although there is not to be found in the statement of facts any formal statement of plaintiff's counsel in-

troducing the letter in evidence. The statement of facts has appended to it an agreement in writing, signed by counsel for both parties, reciting that "* * * the foregoing 154 pages constitute a full, true and correct transcript of the testimony had and evidence adduced upon the trial * * *." It is clear to us that both parties to the suit, as well as the trial court, treated and considered the letter as being in evidence during the trial of the cause, and we shall so treat it. Also, it has often been held that it is not necessary to prove a fact which has been alleged by both parties in their pleadings. Edwards v. West Texas Hospital, Tex.Civ.App., 89 S.W.2d 801; Blair v. Blair, Tex.Civ.App., 105 S.W.2d 331. This disposes of appellee's first counter-proposition.

■■ Defendant pleaded in defense of the action that several months subsequent to the date of the instruments sued upon he made a settlement with Young Moseley, whereby he paid to Moseley a total of $310.00, and received from Moseley a deed to the property in question, and a release in writing of any and all claims which Moseley might have against him. Plaintiff did not deny under oath the execution by Young Moseley, her father, of either of these instruments, but pleaded, and here asserts, that the deed and release constituted transactions with the deceased, in contravention of Article 3716, R.C.S. Plaintiff has misconstrued the effect of this statute. It does not prevent parties from relying upon instruments in writing which were executed by the deceased, as a basis of either recovery or defense. It prevents the parties themselves from testifying concerning the transactions with the deceased. Olschewske v. Priester, Tex.Com.App., 276 S.W. 647; Jones v. Selman, Tex.Civ. App., 109 S.W.2d 1003, writ of error dismissed. Defendant Fikes did not testify concerning either of these instruments. He did not have to do so. The instruments were properly received in evidence without proof of their execution. Arts. 2010 and 3734, R.C.S.; Oliver Farm Equipment Sales Co. v. French, Tex.Civ.App., 91 S. W.2d 887, writ of error dismissed.

In the William Moseley case, and in the Nealie Smith case, defendant pleaded similar deeds and releases, but in those cases the jury found them to be forgeries, and Fikes did not appeal from such findings. But in the present case, the pleadings of the plaintiff present no such issue of forgery.

■ Plaintiff by several propositions argues that the release just mentioned cannot serve as a basis for relieving defendant of liability, because the record does not show that defendant made a full disclosure of the situation to Young Moseley at the time the deed and release were signed. We would consider that the burden is upon plaintiff to prove such facts as would permit an escape from the consequences of the settlement and release. And, although we do not base our decision upon it, we observe that plaintiff did not pray for a cancellation of such deed and release.

In answer to defendant's plea of the settlement just mentioned, plaintiff alleged that Young Moseley was at the time mentally incompetent to know and understand the nature and result of his act, and, in support thereof, offered the testimony of Will Moseley, which the trial court excluded. The exclusion of this testimony is assigned as error. The substance of the testimony which the trial court excluded, and which is presented in a bill of exceptions, is that Young Moseley was generally known among his friends as a man of somewhat simple mind; that he was known for nervous disability and very peculiar to get along with or deal with; that he did not know much about deeds; Will Moseley did not think he could understand the effect and meaning of a business transaction; that he would always come to Will Moseley for advice; that he was easily influenced by people he thought had more intelligence or education than he had; that he appeared to Will Moseley to be the same some time after September of 1931 (when the deed and release were given) as he did before July of that year; that he did not have any education; that he could write his name, and that was about all; that in Will Moseley's opinion he was not capable of transacting business and knowing the effect of a business transaction on his property.

■ To begin with, we observe that the testimony offered does not show that the mental condition of Young Moseley was any different in September, 1931, from what it was when he had the transactions upon which plaintiff based her suit, and that plaintiff nowhere suggests that Young

Moseley was mentally incompetent when he made the original deal with Fikes. In fact, her entire theories of recovery are predicated upon the validity of the original agreement.

It is our opinion that the offered testimony would have been insufficient to support a jury finding of mental incompetence on September 5th, 1931, especially in view of the fact that plaintiff made no claim that he was mentally incompetent in April of the same year.

Defendant also pleaded the four-year statute of limitations, Art. 5527, R.C.S., especially arguing that Young Moseley must have known, at the time he executed the release on September 5th, 1931, that Fikes did not intend to pay him any more money or assign any royalty to him. In view of the Supreme Court's analysis of the contract in question, and the breach of it, as set out in the opinion in the William Moseley case, we believe that the plea of limitation is good.

For the reasons above indicated, it is our opinion that the trial court properly instructed a verdict for the defendant.

Judgment of the trial court is affirmed.