## SMITH et al. v. FIKES.

### No. 14073.

Court of Civil Appeals of Texas.
Fort Worth.

July 11, 1941.

Rehearing Denied Sept. 12, 1941.

Frank C. Bolton, of Henderson, and Austin F. Anderson, of Fort Worth, for appellants.

McGown, McGown, Godfrey & Logan, B. E. Godfrey, and John M. Scott, Jr., all of Fort Worth, and Edwin M. Fulton, of Gilmer, for appellee.

McDONALD, Chief Justice.

At one time Mose Turner, a colored man, owned two tracts of land in Gregg County, one containing 70 acres, the other 87 acres. Mose had several children, the exact number of which appears not yet to have been judicially determined. One of them was Mattie Turner Moseley, who appears to have left six children surviving her, among whom were William Moseley, Nealie Moseley Smith, and Young Moseley. The three children mentioned had certain dealings with one Leland Fikes, which have resulted in three suits being filed in the District Court in Tarrant County.

Each of the three executed and delivered to Leland Fikes a conveyance of his entire interest, as an heir of Mattie Moseley, in all the oil, gas and other minerals in the two tracts just mentioned. Contemporaneously therewith, Leland Fikes gave to each of the three a letter setting out an agreement supplementary to the mineral conveyance.

The William Moseley case was decided by this court, as shown by the opinion reported in Moseley v. Fikes, 126 S.W.2d 589, and was then decided by the Supreme Court, as shown by the opinion reported in Fikes v. Moseley, 151 S.W.2d 202. Reference is made to those two opinions for a full statement of the case, and for a full description of the written instruments in question.

The parties to this case appear to agree, and we agree, that the controlling issues in this case are similar to those in the William Moseley case. As far as is possible, we shall attempt not to duplicate the statements contained in the opinions in the Moseley case.

The theories of the plaintiffs in all three of the cases are to the effect that the property in question was conveyed to Leland Fikes in trust for certain purposes, that Fikes breached the trust, that he thereby forfeited his right to compensation for the services he agreed to render, and that plaintiffs are entitled to recover from him the

value, as of the time of the trial, of the property which they had conveyed to him, he having put it beyond their reach by conveying it to other persons. Plaintiffs also contended that he had taken the money acquired from the wrongful sale of their properties and had invested it in other properties, and that they were entitled to pursue the trust funds.

Reference is made to the opinions in the Moseley case for the disposition of that case, both in the trial and in the appellate courts.

Although the letter given by Fikes to Nealie Smith, appellant in this case, is slightly different in wording from the letter given to William Moseley, it is, we think, subject to the same construction as is the Moseley letter.

Appellants' own analysis of their first twenty-three propositions is as follows:

"(1) Propositions 1 and 2 to the effect that the defendant is a trustee for the plaintiffs.

"(2) Propositions 3 to 9, inclusive, to the effect that defendant breached his trust.

"(3) Propositions 10 to 16, inclusive, to the effect that, by reason of (1) and (2), supra, the defendant is governed by the law applicable to fiduciaries and forfeited all right to any compensation when he violated the trust.

"(4) Propositions 17 to 23, inclusive, to the effect that, by reason of (1), (2) and (3), supra, the measure of plaintiffs' damage is the value of all the property that they had conveyed to defendant, as of the time of the trial, with the highest legal rate of interest known to the law."

We consider that these propositions are concluded by the holding of the Supreme Court in the Moseley case, and that it is unnecessary to discuss them further than to say that the theories presented in them are in conflict with the holding of the Supreme Court.

Propositions 24 to 32, inclusive, relate to the finding of the jury, in answer to a special issue, that Nealie Smith owned an interest equal to 5.23 acres, undivided, in the property in question, and the action of the trial court in setting aside this finding of the jury and substituting therefor his own finding that her interest was 2.9 acres, undivided. Both findings are immaterial in view of the measure of damages held to be applicable by the Supreme Court in the Moseley case.

Propositions 33 and 34 complain of the admission of certain evidence relating to the amount of interest actually owned by Nealie Smith in the property in question. These propositions are immaterial in view of the holding of the Supreme Court as to the measure of damages applicable.

Propositions 35 and 36 purport to state the effect of the conveyance to Cad McCall and the lease to J. K. Wadley. Both of these conveyances and the effect of them on the rights of the parties are discussed by the Supreme Court in the Moseley case. Appellants' propositions are not in harmony with that holding.

The 37th and last proposition complains of the action of the trial court in excluding evidence relating to the disposition and reinvestment by defendant of the alleged trust funds. The attempt of William Moseley to pursue the alleged trust fund was discussed by this court in the Moseley case. Although the Supreme Court did not expressly comment upon this theory of recovery, it did say that this court had elaborately discussed several questions which, under the Supreme Court's construction of the contract, had become immaterial. Our interpretation of the holding of the Supreme Court would be that the plaintiff is limited to the measure of damages expressly discussed in Judge German's opinion.

Appellee presents six counter-propositions, none of which requires discussion in view of the opinions we have just expressed.

Appellee also appealed from the judgment of the trial court, filing notice of appeal, appeal bond, etc., and in support of his appeal presents ten propositions.

Discussion of propositions one to five, inclusive, and seven to ten, inclusive, is unnecessary in view of what has already been said in this opinion and by the Supreme Court in its opinion in the Moseley case.

The sixth complains of the failure of the trial court to allow certain credits to defendant on the judgment rendered against him. Since the pleadings and the proof respecting these items may not be the same upon another trial, it would perhaps serve no useful purpose to express an opinion here as to the sufficiency of the showing made with respect to these claimed credits.

The judgment of the trial court is reversed, and the cause is remanded for another trial, not inconsistent with the views expressed herein and in the opinion of the Supreme Court in the Moseley case. The costs of this appeal are assessed against appellant, our disposition of the case having been made upon the errors assigned by appellee.