**CHAJKOWSKI v. CLEMENTS.**

No. 11881.

Court of Civil Appeals of Texas. Galveston.

June 26, 1947.

Rehearing Denied July 24, 1947.

Peter P. Chwastek, of Houston, for appellant.

Cole, Patterson, Cole & McDaniel, of Houston (Robt. L. Cole, Sr., and Richard R. Cole, both of Houston, of counsel), for appellee.

CODY, Justice.

The appellant and appellee are administrators of estates pending in the probate court of Harris County. The appellant who was plaintiff below is administrator of the Estate of Peter Chajkowski. The appellee who was defendant below is the administratrix of the Estate of Demetri Chajkowski.

Demetri Chajkowski was the son of Peter Chajkowski, and predeceased his father. Apparently, Peter Chajkowski caused defendant, who was neither related to Demetri Chajkowski nor his creditor, to qualify as administratrix of the Estate of Demetri Chajkowski. After qualifying as administratrix, defendant collected back pay that was due Demetri as a soldier, and then distributed $900 of the money collected to Peter in the belief that he was the sole heir at law of Demetri. Such distribution was made by defendant without the authority of an order of the probate court. Thereafter, Peter died intestate, and plaintiff qualified as his administrator.

Then plaintiff filed a motion seeking the removal of defendant as administratrix of the Estate of Demetri, and, as next of kin, sought to be appointed administrator in her stead. In his said motion, plaintiff alleged that Peter Chajkowski was not the sole surviving heir of Demetri; that Demetri's mother, the wife of Peter, also survived him; that she was insane and had long been committed to an asylum; that defendant knew or should have known this when she distributed the assets of Demetri's estate, and plaintiff charged defendant with wasting the estate of which she was administratrix. The citation which was issued on said motion required defendant to answer same on August 26, 1946.

On August 26, 1946, defendant appeared in the probate court, and filed her answer to plaintiff's motion, and in addition filed a report on the condition of the Estate of Demetri Chajkowski. In her answer she alleged her good faith belief that Peter was the sole heir of Demetri at the time she paid over to him the $900. At the same time she filed a claim with the court seeking to have the estate of Demetri reimbursed from the assets of the estate of Peter in the sum of $450, being half of the $900. Defendant had the hearing on the motion to remove her set down for immediate hearing, and same was heard on August 26th in the absence of plaintiff. An order was entered on the same day denying plaintiff's motion for the removal of defendant as administratrix. Also on the same day the probate court ordered defendant's claim against the estate of Peter for the reimbursement of the estate of Demetri in the sum of $450 allowed, and said order was also entered on August 26th. The term of the court at which said orders were entered ended August 31, 1946.

On September 13, 1946, plaintiff filed a sworn motion or application to vacate the orders of August 26. Therein he alleged that he was prevented from being present in Court on August 26 through no fault or negligence on his part; that he had an agreement with defendant's attorney under which it was agreed that defendant was to present to him for allowance or rejection her claim against the estate of Peter for $450, and after said allowance or rejection, it was agreed that both matters in dispute would then be set down for disposition in Court. Plaintiff alleged that relying on said agreement he did not appear in court on August 26, but instead was then engaged in the trial of a case in the district court of Robertson County. Also, that if he had been present in court he would have proved that defendant was wasting the estate of Demetri, etc., and would have proved statutory grounds for her removal. Plaintiff further alleged that he would have been able to prove that the claim for reimbursement was not just or legal. Plaintiff alleged that if the orders of August 26 were vacated he would prove by good and sufficient evidence that defendant ought to be removed, and that the claim for $450 was not just or legal. He further alleged he first learned of said orders when copies thereof were given him on September 10,

1946, and that he then immediately prepared and filed said motion to vacate them.

The hearing on plaintiff's motion to vacate said orders was held on October 15, 1946, and on said day an order was entered by the court denying the motion. From said order denying his motion plaintiff announced in open court his appeal. On October 29, 1946, he filed his appeal bond in the amount fixed by the probate court.

Plaintiff's petition in the district court was in all material respects the same as his motion in the probate court to vacate the orders of August 26.

On December 5, 1946, defendant filed in the district court her motion to dismiss plaintiff's appeal. Among the grounds urged were these: (1) That plaintiff was not appealing from the orders entered in the probate court on August 26, but was appealing from the order refusing his motion to vacate said orders; (2) that the appeal was abortive because the bond was not filed within 15 days from the entry of the orders on August 26.

In the judgment granting defendant's motion to dismiss plaintiff's appeal, the court assigned as reasons: (1) That the orders complained of were entered on August 26, and plaintiff was required to file his appeal bond not later than 15 days thereafter; (2) that the term at which the orders were entered expired on August 31, 1946, and plaintiff's motion to vacate same was in the nature of a motion for a new trial and was filed too late; (3) the court found generally that the law on the motion to dismiss was for defendant.

On January 3, 1947, which was after the court had announced his judgment to dismiss his appeal, but before it was "signed," plaintiff filed, without the court's leave, an amended motion wherein he additionally asked for a declaratory judgment.

In response to plaintiff's request the court filed conclusions of law and fact. No evidence was taken on the hearing of the motion to dismiss, and the fact findings related to proceedings in court. The court's conclusions of law were: (1) That by force of Texas Rules of Civil Procedure, rule 332, plaintiff was required to file his appeal bond within 15 days from August 26,

when the orders were entered by the probate court. (2) "The plaintiff insists in this court that the motion filed in the probate court was an original proceeding in the nature of a bill of review. The motion for a new trial filed in the probate court does not set forth any ground that would authorize the court to remove the administratrix even if it be assumed that everything set forth in the motion be true, and it is entirely inadequate as a bill of review;"

The plaintiff predicates his appeal on two points:

1. "The district court erred in dismissing the appeal on the pleadings before it, no evidence having been adduced on the trial of the motion to dismiss, because appellant alleged facts sufficient to raise the issue of 'extrinsic fraud' on the part of appellee and her attorney in procuring the orders and judgment in the probate court."

2. "The district court erred in refusing to hear the case on its merits, and declare rights, status, and legal relations growing out of the dispute."

## Opinion.

 It was competent for plaintiff to seek by bill of review to have the orders of August 26 vacated after the time to appeal from them had elapsed. A probate court in common with all other courts has the power, when a judgment or order has been entered without jurisdiction "or when obtained by fraud or other such means as are held to render judgments, orders or decrees void, so to declare them at any time." Heath v. Layne, 62 Tex. 686, 694; Hicks v. Oliver, 78 Tex. 233, 14 S.W. 575. See also Jones v. Sun Oil Co., 137 Tex. 353, 539, 153 S.W.2d 571. And in Milo v. Nuske, 95 Tex. 241, 66 S.W. 544, 546, the court, after holding that in the ordinary case one desiring to appeal from an order entered by a probate court must file his appeal bond within 15 days from the entry of the order, stated: "It may be that an application to set aside an order might be based upon such grounds that an appeal would lie from a judgment refusing it * * *."

 While the motion filed by plaintiff on September 13 (to vacate the orders of August 26) may be subject to special ex-

ceptions, it clearly sought to invoke the equitable powers of the probate court to set aside orders which had become final. And even when general demurrers were permitted, had such motion been subject to a general demurrer, it could have been amended. We therefore must hold that, whatever the merits of plaintiff's motion as a bill of review, the probate court had jurisdiction to pass upon same. And since the plaintiff appealed from the order denying his motion by filing his appeal bond within 15 days from the time it was entered, the district court acquired appellate jurisdiction to hear and pass thereon de novo. So we must reverse the action of the district court dismissing the appeal for want of jurisdiction, and remand the cause.

■ Plaintiff's point 2 is without merit. When he sought by amendment to inject the issue of declaratory judgment in the case, the court had already adjudicated his rights. See McLain v. Lance, 5 Cir., 146 F.2d 341, 346.

The Court, on its own motion, withdraws its former opinion filed herein on June 19, 1947, and files this opinion this date in lieu thereof.

Reversed and remanded.