JOSEPHINE CLEMENTS, ADMINISTRATRIX, V.
PAUL CHAJKOWSKI, ADMINISTRATOR.

No. A-1411. Decided March 3, 1948.
(208 S. W., 2d Series, 841.)

*Cole, Patterson, Cole & McDaniel, Robert L. Cole, Sr.,* and *Richard R. Cole, all* of Houston, for petitioner.

*Peter P. Chwastek,* of Houston, for respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Demetri Chajkowski, son of Peter Chajkowski predeceased his father. Petitioner, Josephine Clements, who was not re-related to Demetri Chajkowski, nor was she one of his creditors, qualified as administratrix of his estate. In her capacity as administratrix she collected back pay due Demetri Chajkowski as a soldier and distributed $900.00 thereof, without the authority of an order of the probate court, to his father, Peter Chajkowski, in the mistaken belief that he was the sole heir at law of Demetri Chajkowski. Thereafter, Peter Chajkowski died intestate and respondent, Paul Chajkowski qualified as administrator of his estate.

An action was brought in the probate court by respondent, Paul Chajkowski, seeking the removal of petitioner, Josephine Clements, as administratrix and seeking also to have himself, as next of kin, appointed administrator of the estate of Demetri Chajkowski in her stead. In brief, as grounds for her removal and his appointment, he alleged that Peter Chajkowski was not the sole surviving heir of Demetri Chajkowski; that Demetri's mother also survived him; that she was insane and had long been committed to an asylum; that this fact was known, or should have been known, by the administratrix when she distributed the assets of Demetri's estate; and that the administratrix was wasting the estate. The citation issued on the petition required the administratrix to answer same on August 26, 1946.

On the date last mentioned the administratrix appeared in probate court and filed an answer to the petition, together with a report on the condition of the estate of Demetri Chajowski. In her answer she alleged that when she paid over to Peter Chajkowski the $900.00 she acted in good faith, believing that he was the sole heir of Demetri Chajkowski. Also in her answer she sought an order to have the estate of Demetri Chajkowski reimbursed from the assets of the estate of Peter Chajkowski in the sum of $450.00, that being one-half of the $900.00 which properly should have been paid to Demetri's insane mother. The administratrix had the issues raised by the pleadings set down for an immediate trial, and the same were heard on that same day, August 26th, in the absence of respondent, Paul Chajkowski. As a result of the hearing, the prayer for the removal of petitioner as administratrix was denied and the court ordered that the claim of the administratrix against the estate of Peter Chajkowski for the reimbursement of the estate of Demetri in the sum of $450.00 be allowed. The term of court at which these orders were made expired August 31, 1946.

On September 13, 1946, the respondent, Paul Chajkowski, filed a sworn motion in the probate court seeking to have the orders of August 26th vacated. In his motion he alleged that he was prevented from being present in court on August 26th through no fault or negligence on his part, but because of extrinsic fraud, the details of which are not important for present purposes. He also alleged the existence of a meritorious cause of action for the removal of the administratrix and a meritorious defense to the claim of the administratrix for reimbursement of $450.00 by the estate of Peter Chajkowski.

The hearing in the probate court of respondent's motion to

vacate the orders of August 26th was had on October 15, 1946, at the conclusion of which an order was entered on that day denying respondent any relief. From this order he gave notice of appeal to the district court, and on October 29th thereafter filed his appeal bond. The allegations in the petition filed by the respondent in the district court were substantially the same as those contained in his motion in the probate court to vacate the orders of August 26th. After the petition was filed in the district court the appeal was dismissed upon motion of the administratrix on the ground that the appeal bond was filed too late.

On appeal the Court of Civil Appeals reversed the judgment of the district court and remanded the case thereto for trial. Its holding, in brief, was that it was proper for respondent to seek by a bill in equity to have the orders of August 26th vacated after the time for appeal had elapsed; that the motion to vacate filed by the administrator on September 13th was a sufficient bill in equity in the nature of a bill of review to invoke the equity powers of the probate court; that respondent had fifteen days from the entry of the order denying his motion to vacate in which to file an appeal bond; that he filed an appeal bond within that time, and that therefore the district court erred in dismissing the appeal. 203 S. W. (2d) 877.

We turn our decision on a point which was apparently not emphasized in the Court of Civil Appeals. The orders referred to as the orders of August 26th do not disclose the date on which they were signed or entered. But it is disclosed by the pleadings and briefs that they were actually signed and entered *nunc pro tunc* at a subsequent term of court on or about September 12, 1946. Under Rule 306b the time within which to file an appeal bond began to run on that day and extended for a period of fifteen days thereafter. Instead of filing a bond and perfecting an appeal to the district court, respondent prepared and filed on September 13th this equitable proceeding.

The relief which could have been granted him upon appeal would have been practical, adequate, and just as effective as that which he could have obtained under his equitable suit in the nature of a bill of review, for the trial in the district court would have been *de novo*. Rule 334 (formerely R. S. Art. 3702).

■ An equitable proceeding in the nature of a bill of review which seek to vacate previous orders and decrees of a probate court cannot be used as a substitute for an appeal to the dis-

trict court, and since respondent failed to avail himself of the adequate legal remedy at his disposal, relief under his action to vacate the orders upon equitable grounds was properly denied him. Brownson v. Reynolds, 77 Texas 254, 13 S. W. 986; Johnson v. Templeton, 60 Texas 238; Harn v. Phelps, 65 Texas 592; Winters Mutual Aid A'ss'n. Circle No. 2 v. Reddin, Com. App., 49 S. W. (2d) 1095; Donovan v. Young, 127 S. W. (2d) 517, error refused. Some of the authorities cited do not involve probate orders, but in applying these equitable principles no distinction is made between final judgments or orders of probate courts and those of other courts.

■ It is indicated by the record, though the point is not made clear, that the probate court entered an order directing the estate of Peter Chajkowski to reimburse the estate of Demetri Chajkowski in the amount of $450.00 on account of the overpayment mentioned. It is further indicated, though not made certain, that no claim had been presented to the estate of Peter Chajkowski, and therefore none had been rejected by his administrator. Under those facts the judgment of the probate court authorizing the payment of the claim was void. Western M. & I. Co. v. Jackman, 77 Texas 622, 14 S. W. 305; Kaulkner v. Reed, Com. App., 241 S. W. 1002; Ramsay v. Rouse, 68 S. W. (2d) 317, error refused; Dempsey v. Gibson, 105 S. W. (2d) 423, ereror dismissed.

The transcript does not contain the order commanding the administrator to pay that claim, and we are therefore not authorized to render any judgment with respect thereto, but for the guidance of the court in the administration of these estates, we deem it advisable to point out that this claim should be handled in the usual manner.

The order of the district court dismissed the appeal for want of jurisdiction. We need not determine whether that order was technically correct. Under our holding the respondent was entitled to no relief in this proceeding and the effect of the judgment of the district court was to deny him any relief. No reason is perceived, therefore, why we should reverse that order.

The judgment of the Court of Civil Appeals is reversed and that of the district court affirmed.

Opinion delivered March 3, 1948.

No motion for rehearing filed.