## CHAJKOWSKI v. CLEMENTS.
### No. 12181.

Court of Civil Appeals of Texas. Galveston.
March 30, 1950.

Rehearing Denied April 27, 1950.

634

Peter P. Cheswick, of Houston, for appellant.

Cole, Patterson, Cole & McDaniel, Houston, attorneys, and Richard Cole, of counsel, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Josephine Clements, as administratrix of the estate of Demetri Chajkowski, for recovery from appellant, Paul Chajkowski, administrator of the estate of Peter Chajkowski, of the sum of $450 alleged to have been inadvertently paid by her to Peter Chajkowski prior to his death. She alleged that she had paid Peter Chajkowski the sum of $900 in the belief that he was the sole heir of Demetri Chajkowski, and that she later learned that his mother, the wife of Peter Chajkowski, who was insane and had been committed to an asylum, also survived Demetri Chajkowski. She sought recovery of half of the $900 she had paid Peter Chajkowski. Appellant filed a plea in abatement to appellee's suit, but did not file a general denial or other defensive plea. In a trial before the court judgment was rendered that appellee recover the $450 sought. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

On a former appeal of this case the judgment of the trial court dismissing appellant's appeal was reversed and the cause remanded by this court, 203 S.W.2d 877. A writ of error was granted by the Supreme Court and on a hearing the judgment of this court was reversed and the judgment of the District Court dismissing the appeal was affirmed. 146 Tex. 408, 208 S.W.2d 841.

In reversing the judgment of this court and affirming the judgment of the trial court, the Supreme Court in its opinion held that, since no claim had been presented to the estate of Peter Chajkowski prior to the former trial of the case, no claim had been rejected by his administrator and that the judgment of the Probate Court authorizing the payment of the claim was void.

Appellee claims that this suit has been prepared and tried in accordance with the holding of the Supreme Court made on its former appeal. The record reflects that appellee duly presented this claim to appellant in his representative capacity and that it was rejected. This suit was filed on September 22, 1947. An order overruling appellant's plea in abatement was signed, nunc pro tunc, September 23, 1949.

It is undisputed that appellee, as such administratrix, paid $900 to Peter Chajkowski without an order of the Probate Court authorizing her to do so. It is also undis-

puted that Demetri Chajkowski left surviving him his mother, Peter Chajkowski's wife.

In the trial court appellee introduced in evidence, over appellant's objection that it was in violation of Article 3716, Revised Statutes of 1925, a receipt for $900 signed by "Pete Chajkowski"; a check for $500 signed by appellee as administratrix of the estate of Demetri Chajkowski; and other instruments evidencing the payment of said $900 to Peter Chajkowski.

Appellee testified that she was present and saw him sign the receipt for the $900.

Appellant in his points of assigned error relies largely on his contention that the trial court erred in permitting appellee to introduce in evidence the receipt above referred to and the other exhibits attached to appellee's trial pleadings, for the alleged reason that they were not admissible against the appellant in his capacity as administrator under Article 3716, of the Revised Civil Statutes of Texas, 1925, which provides that in actions by or against executors, administrators or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify by the opposite party.

While the testimony of appellee as to any transactions with or statements by Peter Chajkowski is in violation of said Article 3716, the article does not prevent parties from relying upon instruments in writing which were signed by the deceased as a basis for recovery. It prevents the parties themselves from testifying concerning the transactions with the deceased. The testimony objected to in this case does not, we think, fall within the purview of the statute.

In the case of Taylor v. Jones, Tex.Civ. App., 135 S.W.2d 767, 768, suit was brought to establish the fact that a tract of land was community property. The defendant contended that the land in question was her separate property and introduced testimony to the effect that the consideration for the land was paid out of her separate funds. Judgment was rendered for plaintiff, apparently on the ground that the testimony of defendant, establishing the fact that the property was purchased with her separate funds contravened Article 3716. In reversing and rendering the judgment of the trial court, the appellate court quoted with approval from the opinion in the case of Wideman v. Coleman et al., Tex.Com. App., 17 S.W.2d 786, 788, in which the Commission of Appeals, in construing Article 3716, said: "This statute does not disqualify a witness from testifying to facts such witness may know of her own knowledge."

Continuing, the court said: "The appellant, we think, could testify to the fact that she owned and had the $600 before her marriage with Lee Taylor, and that she paid that money as the consideration for the land. Such statements of the witness and similar ones are matters within her own knowledge, were not gained from impressions or information from the conduct, condition or language of her husband, and does not involve a transaction with her deceased husband within the inhibition of the statute."

In the case of Newsom v. Fikes, Tex.Civ.App., 153 S.W.2d 962, appellee pled in defense a deed and release executed to him and such instruments were admitted in evidence. On appeal it was held that said instruments were properly introduced in evidence for the reason that said Article 3716 does not prevent parties from relying upon instruments in writing which were executed by the deceased as the basis of either recovery or defense; but that it prevents the parties themselves from testifying concerning the transactions with the deceased. (Citing authorities.)

In the case of Flowers v. Klump, Tex. Civ.App., 121 S.W.2d 1025, suit was brought by the community survivor of an estate to recover on certain notes payable to her deceased husband. The trial court refused to admit in evidence checks showing the payment of said notes. In reversing the judgment, the appellate court held that the checks should have been admitted, since they were offered independently of any testimony by defendant as an independent

circumstance within itself and in connection with other circumstances tending to establish the defendant's contention that a note for $725 was a renewal of three other notes and that it was not subject to the objection that it was in contravention of Article 3716.

The following cases are in accord with the rule announced in the above cases: Prichard v. Bickley, Tex.Civ.App., 175 S.W.2d 614; and Martin v. McAdams, 87 Tex. 225, 27 S.W. 255.

While the testimony of appellee as to any transaction with Peter Chajkowski was inadmissible under said Article 3716, her testimony which was objected to, with the exception of her statement that she gave a cashier's check to Peter Chajkowski, was, we think, in effect an identification of his signature and a statement that she was present and saw him sign said receipt and the other exhibits relied on by appellee and that the testimony was, under the decisions in the cases of Martin v. McAdams, 87 Tex. 225, 27 S.W. 255 and Taylor v. Jones, supra, matters within her own knowledge.

Assuming that appellee's testimony that she gave said cashier's check to Peter Chajkowski violated Article 3716, the check which was endorsed by Peter Chajkowski was, under the rule announced in the cases of Newsom v. Fikes and Flowers v. Klump, supra, "a 'writing duly executed by him while living' [and was, we think] admissible for whatever it was worth upon the issue joined." [121 S.W.2d 1029]

Under an appropriate point, appellant contends that the order of the probate court requiring appellant to pay to the appellee the $450 in dispute was res adjudicata as to the present action and that she has no right to maintain this action for the reason that the order entered August 26, 1946, by the Probate Court of Harris County in the estate of Peter Chajkowski, deceased, cannot be sustained.

This contention cannot, we think, be sustained. The order in question required appellant to refund to appellee the sum of $450 as an overpayment made to Peter Chajkowski. In urging this order as res

adjudicata of the present action, appellant pled that he as "defendant further declares that he neither admits or denies the validity of said order of the Probate Court of Harris County, Texas". However no effort was made to enforce such order and the Supreme Court in the case of Clements v. Chajkowski, 146 Tex. 408, 208 S.W.2d 841, declared such order to be void.

We have carefully considered all points of appeal presented by appellant and finding no reversible error, the judgment of the trial court is, in all things, affirmed.