Isora YOUNG et al., Appellants,

v.

Hattie JOHNSON, Appellee.

No. 3110.

Court of Civil Appeals of Texas.

Eastland.

Oct. 15, 1954.

G. H. Williamson, Stephenville, for appellants.

Sam M. Russell, Stephenville, for appellee.

COLLINGS, Justice.

On July 8, 1952, H. W. Johnson and wife, Hattie Johnson, executed a warranty deed to E. R. Seago and wife conveying a 150.18 acre tract of land situated in Erath County. A vendor's lien was retained in said deed to secure the payment of a purchase money note executed by Seago and wife in the sum of $3,000.

H. W. Johnson, now deceased, is survived by his wife, Hattie Johnson, and by his children by a former wife, who is also deceased. He left a will in which such children, to-wit: Isora Young, wife of I. W. Young, Louise Strickland, wife of C. L. Strickland and L. W. Johnson were beneficiaries. Ketha Johnson, wife of L. W. Johnson, was the only other beneficiary under the will.

This suit was brought by E. R. Seago against Hattie Johnson, the widow of H. W. Johnson, and against the above named beneficiaries. Seago desired to pay the $3,000 note and prayed for a judgment declaring the ownership of said note and the lien securing same and to determine the persons authorized to receive such payment and to release said lien.

Isora Young, together with other named beneficiaries, answered claiming ownership of the note on the ground that they were the children and only heirs of H. W. Johnson and his deceased wife, and beneficiaries under his will; that the note belonged to and was the separate property of H. W. Johnson or, in the alternative, that such note was the community property of H. W. Johnson and Hattie Johnson.

Hattie Johnson answered and also claimed ownership of the note and vendor's lien. She alleged that the 150.18 acre tract conveyed to Seago subject to such note and lien was her separate property; that such tract was purchased during the existence of the marriage relationship between her and H. W. Johnson from J. H. H. Butler and wife an May 5, 1950, but that all of the cash consideration therefor in the stated amount of $4,000 was paid from the separate property of Hattie Johnson by deeding to the said Butler a house and lot in Dublin, Texas, which was the homestead and community property of Hattie Johnson and her first husband, Claud Bean, deceased; that at the time of the purchase of said 150.18 acre tract the deed was made to H. W. Johnson but it was understood and agreed by H. W. Johnson and his wife, Hattie Johnson, that the tract would be the wife's separate property.

Hattie Johnson further alleged that her husband, H. W. Johnson, executed a deed purporting to convey the 150.18 acre tract to her prior to the sale to Seago, and that after the sale and the execution and delivery of the $3,000 note by Seago, H. W. Johnson endorsed, assigned and transferred

said note to her, the said Hattie Johnson; that, by reason thereof, the said Hattie Johnson was and is the owner of such note and vendor's lien as her separate property.

At the trial all parties defendant agreed that the note and lien on the land in question should be released and that all parties defendant claiming an interest therein should look solely to the money paid into the court by Seago for the payment of said note.

The case was tried before the court without a jury and judgment entered decreeing the note and the money deposited in payment thereof by Seago to be the property of Hattie Johnson. The beneficiaries under the will of H. W. Johnson have brought this appeal.

In appellants' first point it is contended in effect that the evidence shows the note in controversy to have been the separate property of H. W. Johnson, deceased, or in the alternative, the community property of H. W. Johnson and his wife, Hattie Johnson; that since appellants are the sole beneficiaries of H. W. Johnson's will, the court erred in refusing to render judgment in favor of appellants for H. W. Johnson's interest in the note.

■ We cannot agree with this contention. As heretofore indicated, Hattie Johnson urged in her pleadings that the note was her separate property and alleged specific facts as herein above set out in support of such contention. Her allegations, if true, justify the judgment entered by the court. There was ample evidence to support the allegation that her separate property constituted the initial payment on the 150.18 acre farm, and that it was the intention of the parties that such farm would also be her separate property. The evidence showed that H. W. Johnson thereafter executed a deed to her conveying title to the farm, and also thereafter transferred and assigned said $3,000 note to her. Appellants' first point is overruled.

■ It is urged in appellants' second point that the court erred in sustaining exceptions by Hattie Johnson to paragraph 3 of appellants' original answer. The allegations in said paragraph 3 were to the effect that Hattie Johnson had received more than her just share of the property or estate of H. W. Johnson. The point is not well taken. Appellants' pleadings did not seek an accounting nor were facts alleged as a basis for an accounting of the property of H. W. Johnson. The purpose of this suit as indicated by the pleadings of all parties was to determine the ownership of the $3,000 note. The allegation that Hattie Johnson had received more than her share of H. W. Johnson's estate was not material to a determination of the issue raised by the pleadings, that is, the ownership of such note.

In paragraphs 5 and 8 of Hattie Johnson's first amended answer, it was urged that prior to the time she married H. W. Johnson she was married to a former husband by the name of Claud Bean, and that there were children of such marriage; that at the time of her marriage to Johnson her former husband, Claud Bean, was deceased and that she and the children of such former marriage owned a house and lot in the town of Dublin, Texas; that said house and lot had been the community property of Hattie Johnson and her former husband. She alleged that H. W. Johnson wanted her to trade for the 150.18 acre tract of farm land and assured her and her children, who were joint owners of the house and lot, that if she would trade for the farm and convey the house and lot as the down payment thereon, she would own such farm in her own separate right instead of the house and lot; that upon such assurances and representations, the children by her former husband joined in the execution of the deed trading said house and lot for the farm; that they executed the deed conveying the house and lot for a consideration of $4,000 as the down payment on the farm; that although the deed to the farm indicated that H. W. Johnson was the grantee therein, it was the understanding and agreement of the said H. W. Johnson, of Hattie Johnson, and of the children of Hattie

Johnson that said farm was to be and was Hattie Johnson's separate property. In such portions of the pleadings, Hattie Johnson further alleged that H. W. Johnson at all times during his lifetime recognized that said farm was the separate property of Hattie Johnson and on one occasion made the statement to L. R. Thompson, an attorney, that the farm belonged to and was the separate property of Hattie Johnson.

It is contended in appellants' third point that the court erred in overruling their exceptions to the above mentioned allegations in appellee's first amended answer. Appellants urge that the facts therein alleged were inadmissible under Article 3716, Vernon's Texas Civil Statutes, which provides as follows:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The point, in our opinion is not well taken. The statute in question prohibits and excludes testimony by designated interested parties as to conversations and transactions with a deceased person. The statute does not prohibit testimony concerning such transactions by disinterested parties nor does it prevent interested parties from relying upon such transactions when properly proved. Newsom v. Fikes, Tex.Civ.App., 153 S.W.2d 962, Err.Ref.; Fulcher v. Young, Tex.Civ.App., 189 S.W. 2d 28, Ref.W.M.

By cross points, appellee, Hattie Johnson, seeks to invoke Rule 438, Texas Rules of Civil Procedure, which provides that where the court finds an appeal to have been taken by a defendant for delay and that there was no sufficient cause for taking the appeal, such appellant shall pay ten percent of the amount in dispute as damages. In our opinion, the matters urged by appellant in this appeal are not so trivial and obviously devoid of merit as to warrant the conclusion that the appeal was not prosecuted in the hope of reversing the judgment but frivolously perfected solely for the purpose of delay. The cross point is overruled.

The judgment of the trial court is affirmed.