Erich POEHNERT et ux., Appellants,

v.

Bert CORYELL et ux., and C. F. Schweppe, as Executor of the Estate of Allen C. Wilson, Deceased, Appellees.

No. 13375.

Court of Civil Appeals of Texas. San Antonio.

Oct. 22, 1958.

Floyd McGown, Neil E. Beaton, San Antonio, for appellant.

Schweppe, Schweppe & Allison, San Antonio, for appellee.

POPE, Justice.

Plaintiffs, Erich Poehnert and wife, sued Bert Coryell, his wife, Isabel Coryell, and the Estate of Allen Wilson, upon a promissory note for $2,000. The case was tried without a jury, and after hearing the evidence, the court granted judgment for plaintiffs against Bert Coryell and wife, but denied recovery against the Estate of Allen Wilson. Plaintiffs appealed from that part of the judgment which denied recovery against the Wilson Estate. The trial court sustained objections to plaintiffs' offer of the note, insofar as Allen Wilson's Estate was concerned, on the grounds that the note constituted a transaction with a dead man and violated Article 3716.

The note upon which plaintiffs sued provided: "On or before three years after date, for value received, I, we, or either of us promise to pay to the order of Erich Poehnert and Lizzie Poehnert Two Thousand and no/100 Dollars at Boerne, Texas, with six per centum interest per annum from date until paid." It then provided for attorney's fees, and that it was due on or before December 7, 1956. The note was signed at the bottom on its right-hand side, by Bert Coryell, Isabel Coryell, and Allen C. Wilson. In front of Wilson's name was the word "co-signed".

Wilson died after signing the note, and this suit was instituted against his estate. His executor answered by a sworn general denial, but it was not a specific categorical denial, and was insufficient to put into issue the matter of execution. Century Ins. Co. Limited, of Edinburgh, Scotland v. Hogan, Tex.Civ.App., 135 S.W. 2d 224. Wilson's executor further answered by a sworn plea that Wilson was a mere surety on the note, and by cross-action prayed for judgment against the Coryells in the event plaintiffs obtained judgment against the Wilson Estate.

Plaintiffs commenced their proof by calling a witness to prove execution, which was an unnecessary procedure. Upon objection to that procedure, they then offered the note in evidence. The court, upon objection that the note violated the Dead Man's Statute, admitted the note

against Mr. and Mrs. Coryell, but excluded it insofar as decedent, Wilson, was concerned. It was on this basis that judgment was rendered against the Coryells but not against Wilson's estate. Article 3716, Vernon's Ann.Civ.Stats., known as the Dead Man's Statute, does not prohibit one from relying upon written instruments executed by the deceased. Chajkowski v. Clements, Tex.Civ.App., 229 S.W.2d 633; Newsom v. Fikes, Tex.Civ.App., 153 S.W.2d 962. Plaintiffs offered the note, and the court erred in excluding it with reference to Wilson's estate. The note on its face shows that Wilson signed it as a joint maker, and that each is primarily, jointly and severally liable to the payees. Beitel v. Beitel, Tex.Civ.App., 109 S.W.2d 345; 6 Tex.Jur., Bills and Notes, § 104; Beutels' Brannan, Negotiable Instruments Law (7th Ed.), § 60, p. 897.

Wilson's Estate contends that plaintiffs waived any objection they might have to the court's exclusion of the note. Plaintiffs offered the note in evidence against all parties, and the court excluded it. In making the offer, they made known to the court the nature of the action they desired the court to take. That is all that Rule 373, Texas Rules of Civil Procedure, requires, and there was no waiver by failing to preserve a formal exception to the ruling of the court. The judgment is therefore reversed and rendered that plaintiffs have judgment against Bert Coryell, Isabel Coryell, and the Executor of the Estate of Allen C. Wilson, jointly and severally, for the principal, interest and attorney's fees sued upon.

By cross-claim, Allen C. Wilson's Estate sued the Coryells in the event judgment should be rendered against the estate. It, therefore, becomes necessary that we remand that portion of this action which relates to the cross-claim of the Allen C. Wilson Estate against the co-defendants. Rule 434, T.R.C.P.

The judgment is reversed and rendered in part, and reversed and remanded in part.