**Fred HALL et al., Appellants,**

**v.**

**Donald McGREGOR, Appellee.**

**No. 15311.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 20. 1968.

Rehearing Denied Sept. 5, 1968.

Howard V. Tygrett, Jr., Irving Parnass &
McGuire, Irving, of counsel, for appellants.

Foreman, Dyess, Prewett, Henderson &
Cantey, John B. Scofield, Houston, for
appellee.

COLEMAN, Justice.

This is an appeal from an order over-
ruling pleas of privilege filed by appel-
lants.

Appellee brought suit against Fred Hall,
IEH Petroleum, Inc., Ernest M. Hall, Jr.,
and J. W. Williams on a promissory note
and a guaranty agreement. Appellants
filed pleas of privilege to be sued in the
county of their residence. A proper con-
troverting plea was filed. At the hearing,
appellee introduced copies of a promissory
note signed by IEH Petroleum, Inc., and
Fred Hall. He introduced a copy of a
written agreement executed by Ernest M.
Hall, Jr., and James W. Williams. By the
terms of this agreement they guaranteed
the payment in full of any indebtedness,
direct or contingent, of IEH Petroleum,
Inc., to Donald McGregor whether existing
at the time of the execution of the guaranty
or thereafter arising. This instrument in-
cludes the following language:

"* * * and I hereby bind and
obligate myself, heirs and assigns, with
said debtor, jointly and severally, for the
payment of said indebtedness precisely as
if the same had been contracted and was
due or owing by me in person, hereby
agreeing to, and binding myself, my heirs
and assigns, by all the terms and condi-
tions contained in any note or notes sign-
ed or to be signed by said debtor, making
myself a party thereto; and I waive all
notice of any kind whatsoever in con-
nection with any obligations of the debtor.
I agree to pay upon demand at any time
to said DONALD McGREGOR, its trans-
ferees or assigns, the full amount of said
indebtedness up to the amount of this
guaranty, plus interest, attorneys' fees,
costs of court and charges, as above set
forth, becoming subrogated in the event
of payment in full by me to the claim of
said DONALD McGREGOR, its trans-
ferees or assigns, together with whatever
security it or they may hold against said
indebtedness. * * *"

There is testimony that James W. Williams is a resident of Houston, Harris County, Texas. The copies of the note and guaranty agreement were introduced without objection. There was testimony that Mr. McGregor is the owner and holder of these instruments, which he had pledged with the Southern National Bank as collateral security for a note due from him to the bank.

Appellee relies on Section 4, Article 1995, Vernon's Ann.Civ.St., to support the order of the trial court. To establish this exception to the general rule that one is entitled to be sued in the county of his residence, appellee had to establish that one defendant resides in the county of the suit, Harris County; that the parties asserting their privilege were at least proper parties to the claim against the resident defendants; and that appellee had a bona fide claim against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936).

By reason of the specific provisions of the guaranty agreement, J. W. Williams is jointly obligated with IEH Petroleum, Inc. and Fred Hall to pay the note on which this suit is based. So far as appellee is concerned Williams' position is comparable to that of a joint maker of a promissory note. It is settled that joint makers of a promissory note are primarily, jointly and severally liable to the payee, and may be joined in a suit on the note. McDonald v. Cabiness, 100 Tex. 615, 102 S.W. 721 (1907); Poehnert v. Coryell, 317 S.W. 2d 84 (San Antonio Civ.App.1958).

There being no sworn plea denying the execution of the note or guaranty agreement, and no specific allegation denying due execution in the plea of privilege, there was no necessity for proof of execution. Rule 86, Texas Rules of Civil Procedure. The possession of a note by the payee at the time of the suit, where there are no marks or endorsements on the note to show payment, is prima facie proof that the note is unpaid. 9 Tex.Jur.2d, Bills and Notes, §§ 275, 277, 288.

Appellee has made a prima facie case of liability as to the corporation on the note, and, it follows, a prima facie case of liability on the guaranty as to James W. Williams, one of the signatories.

The judgment of the Trial Court is affirmed.

Affirmed.